IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS D. MOORE,
#S09786,

Plaintiff,

vs.

ILLINOIS DEPARTMENT OF CORRECTION,
PRISON REVIEW BOARD,
PINCKNEYVILLE C.C.,
WARDEN LOVE,
WARDEN K. JAIMET,
UNKNOWN WARDEN,
COUNSELOR E. LANDIS,
J. HOCH,
CWS SUPERVISOR,
UNKNOWN COUNSELOR,
UNKNOWN PRISON REVIEW BOARD EMPLOYEE,
and FIELD SERVICES EMPLOYEES,

Defendants.                               Case No. 17-cv-01374-DRH

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff Demetrius D. Moore is incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). He is currently awaiting release on parole with a

projected parole date of March 19, 2018. (Doc. 1, p. 5). He brings this civil rights action pursuant to 42 U.S.C. § 1983 in order to challenge certain conditions of his parole. *Id.*

Plaintiff maintains that the Prison Review Board ("PRB") and other defendants have imposed certain conditions on him that are consistent with his classification as a convicted sex offender. (Doc. 1, pp. 1-7). However, he is not a convicted sex offender and is not required to register as one. *Id.* Plaintiff asks the District Court to declare these conditions unconstitutional and enjoin their enforcement. (Doc. 1, pp. 5-7). He also seeks monetary damages against the defendants. (Doc. 1, p. 5).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action

2

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

While awaiting trial on unrelated charges at Madison County Jail, the Madison County Sheriff's Department allegedly charged Plaintiff with criminal sexual assault and criminal sexual abuse of his cellmate. (Doc. 1, p. 3). On March 29, 2016, Plaintiff's defense attorney notified him that the State's Attorney would agree to dismiss these charges against Plaintiff, in exchange for his plea of guilty in his pending criminal cases for residential burglary (12-CF-2608), conspiracy to commit insurance fraud (13-CF-676), and aggravated battery (14-CF-943). *Id*. As part of this agreement, Plaintiff would not be "treated as a sex offender." (Doc. 1, p. 4).

On this basis, Plaintiff entered a plea of guilty to residential burglary, conspiracy to commit insurance fraud, and aggravated battery. (Doc. 1, p. 4). Honorable Neil Schroeder accepted his guilty plea. *Id*. Plaintiff waived a pre-sentence investigation, and his criminal history was read into the record. *Id*. He was sentenced to 10 years for the residential burglary conviction, 2 years for the

insurance fraud conviction, and 5 years for the aggravated battery conviction. *Id*. Plaintiff's projected parole date is March 19, 2018. (Doc. 1, p. 5).

On October 25, 2017, Plaintiff received a copy of his parole conditions by mail. (Doc. 1, p. 4). The PRB imposed the following conditions of parole on Plaintiff, which he now challenges: (1) anger management counseling; (2) sex offender counseling; (3) outpatient mental health counseling; and (4) 90 days of electronic monitoring. (Doc. 1, pp. 4-5). An unknown IDOC employee also informed Plaintiff that he is prohibited from residing in a household with children. (Doc. 1, p. 5). Plaintiff maintains that the defendants erroneously classified or treated him as a sex offender when setting his conditions of parole, despite the fact the he is not a convicted sex offender and is not required to register as one. (Doc. 1, pp. 4-5). He seeks an order requiring the defendants to remove these conditions of his parole. (Doc. 1, pp. 6-7).

## **Discussion**

At the outset, this Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute - in this case 42 U.S.C. § 1983 - is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum

4

change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

Plaintiff is seeking the former. He is currently in custody, and he seeks to challenge the conditions of his parole. (Doc. 1). Parole is also a form of custody. *Arnett v. Kemp*, 121 F. App'x 658, 659-60 (7th Cir. 2004). The challenged restrictions "define the perimeters of [Plaintiff's] confinement." *Drollinger v. Milligan*, 552 F.2d 1220, 1224 (7th Cir. 1977). These conditions are what distinguish parole from outright freedom. *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). Figuratively speaking, successfully removing one of these conditions is akin to removing one of the "bars" from Plaintiff's prison cell. *Id.* at 580 (citing *Drollinger*, 552 F.2d at 1225; *Clark v. Prichard*, 812 F.2d 991, 997-99 (5th Cir. 1987)). "The release from such custody, even if only partial, is the traditional function of the writ of habeas corpus" and not § 1983. *Drollinger*, 552 F.2d at 1225 (citing *Preiser*, 411 U.S. at 484); *Williams*, 336 F.3d at 579-80.

The Seventh Circuit has long held that a person "seeking federal review of the terms of state custody must proceed under 28 U.S.C. § 2254, not under 42 U.S.C. § 1983." *Arnett*, 121 F. App'x 658, at *1 (citing *Williams*, 336 F.3d at 579-80; *Drollinger*, 552 F.2d at 1225). Habeas is the proper method for

challenging constitutional deficiencies in a parole revocation hearing or for challenging the conditions of parole. *See Morrissey v. Brewer*, 408 U.S. 471 (1972) (constitutional review of parole revocation proceedings brought in habeas); *Drollinger*, 552 F.2d at 1225 (challenges to conditions of parole must be brought in habeas corpus action). Plaintiff should have pursued relief under 28 U.S.C. § 2254.

Plaintiff's request for monetary relief does not alter the Court's analysis. A state prisoner's § 1983 action is barred, no matter what relief is sought, if success in the action would necessarily demonstrate the invalidity of his confinement or its duration. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (discussing *Preiser*, 411 U.S. 475 (1973); *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997)). This bar applies to prisoners who are "in custody" and are therefore able to seek such review. *Weiss v. Indiana Parole Bd.*, 230 F. App'x 599, *1 (7th Cir. 2007) (citing *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (per curiam); *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006)). Plaintiff is in custody and seeks to challenge his parole conditions, which are part of his custody. Therefore, his civil rights claim is not cognizable under § 1983.[1] *Heck*, 512 U.S. at 481-82, 486-87. *Williams*, 336 F.3d at 579-80.

The instant § 1983 action must be dismissed outright. *See Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996). The Court is not authorized to convert

---

[1] The § 1983 claims also appear to be premature, as Plaintiff has not yet been released on parole or been subjected to the restrictions he now challenges.

6

the § 1983 suit into a § 2254 proceeding because doing so may disadvantage Plaintiff. *Id.* at 1039 (identifying the exhaustion requirement and certificate of appealability as "two among many" of these disadvantages). However, this action shall be dismissed without prejudice to Plaintiff pursuing state and/or federal habeas relief.[2]

Before bringing a federal habeas action, Plaintiff should be aware that he must first exhaust his state remedies, unless he can demonstrate cause and prejudice. *See* 28 U.S.C. § 2254(b)(1); *Morrissey v. Brewer*, 408 U.S. 471 (1972); *Drollinger*, 552 F.2d at 1225. To exhaust, he must fairly present his claims through "at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). A federal habeas petition is subject to immediate dismissal, if Plaintiff cannot demonstrate that he has presented his claims to the Illinois courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, 28 U.S.C. § 2254(b)(1)(B).

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** because it is barred by *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994). However, the dismissal is without prejudice to Plaintiff bringing a

---

[2] Plaintiff's current incarceration does not preclude him from filing a federal habeas petition pursuant to § 2254 because the statute "permits a prisoner to challenge a future period of custody." *Arnett*, 121 F. App'x at 660 (citing *Maleng v. Cook*, 490 U.S. 488 (1989)).

challenge to the conditions of his parole and his on-going state custody in a state and/or federal habeas action or bringing a § 1983 suit after his conviction or sentence has been reversed, expunged, or found invalid.

Plaintiff is **ADVISED** that nothing in this Order should be construed as an opinion regarding the ultimate merits of Plaintiff's claims. This Order in no way precludes Plaintiff from pursuing state or federal habeas relief at this time or a § 1983 action that does not run afoul of *Heck*.

Plaintiff is **ADVISED** that this dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to enter judgment and **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

Judge Herndon
2018.02.01
11:02:42 -06'00'

**UNITED STATES DISTRICT JUDGE**